# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DEBORAH E. COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08-0270-SSA-CV-W-WAK |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Claimant Deborah Cook seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims she became disabled beginning on January 1, 2005.[2]

The parties' briefs were fully submitted, and on March 16, 2009, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

[2] Claimant amended her onset date at the hearing from December 1, 2003, to January 1, 2005.

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Deborah Cook was fifty years old at the time of the administrative hearing. She is 5 feet 4 inches tall and weighs approximately 170 pounds. She is unmarried, has two children, and dropped out of school at age sixteen. She lives in a group home for recovering drug addicts, and has previously worked as a housekeeper and cleaner.

She claims she is disabled due to heart problems and chest pain, hypertension, diabetes, asthma, knee pain and swelling, and the effects of her medication. She also has post-surgical symptoms from colon cancer and a hernia repair. Her drug addiction is in remission and not a factor in this review.

The administrative law judge (ALJ) found medical evidence to establish "Type II diabetes mellitus, hypertension, hyperlipidemia, asthma, mild coronary artery disease and gastroesophageal reflux disease controlled by medication, mild effusion of the right knee, status-post right hemicolonectomy with some residual abdominal pain and diarrhea, status-post ventral hernia repair, and a history of cocaine abuse before 2005." (Tr. 19.) She did not find claimant to be credible with respect to the severity of her impairments, and thus, determined Cook had the residual functional capacity to perform light work. The ALJ limited claimant to work not requiring "lifting or carrying more than 10 pounds frequently or more than 20 pounds occasionally; repetitive climbing, kneeling, crouching, crawling, or bending; or work at unprotected heights or involving concentrated or excessive exposure to dust, fumes, chemicals , temperature extremes, high humidity or dampness, and other typical allergens, pollutants and atmospheric irritants." (Tr. 19-20.)

After posing a hypothetical and taking testimony from a vocational expert, the ALJ found Cook could not perform a full range of light work, but could perform a significant number of jobs in the economy, with cited examples being photocopy machine operators, collators and bench assemblers.

In her request for judicial review, Cook claims the ALJ erred in not making a "function by function" assessment, specifically with regard to her ability to sit, stand and walk. She also claims the ALJ did not fully and fairly develop the record to assess plaintiff's intellectual functioning. She notes the record does not contain any medical opinion addressing her physical impairments, and the nonexamining psychologist who rendered a mental health assessment did not have the benefit of school records showing her IQ to be in the borderline intellectual functioning range.

"There is no bright line test for determining when the [Commissioner] has . . . failed to develop the record. The determination in each case must be made on a case by case basis."

Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).  Therefore, the court must consider whether the record in this case is sufficient for the ALJ's determination.  The ALJ implicitly found plaintiff was capable of sitting, standing and walking for the required hours to perform light work in the economy and that she had the mental ability to perform such work.  The ALJ did not state how long plaintiff could sit, stand or walk in an eight-hour workday, and there are no medical opinions in the administrative record which would support such a finding.

The ALJ's determination of residual functional capacity must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations.  20 C.F.R. § 404.1545."  Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001).  Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her RFC.  Lewis v. Barnhart, 353 F.3d at 646.

The ALJ may have been correct in her assessment of plaintiff's residual functional capacity, but she failed to specifically address the sitting, standing and walking requirements and to point to evidence in the record supporting her assessment.  Thus, a remand appears warranted to permit further development of the record by a medical consultant who can evaluate plaintiff's impairments and give a medical opinion addressing the severity of those impairments.  At that point, an ALJ may reconsider Cook's residual functional capacity and make the required findings based upon evidence in the complete record.  There is not substantial evidence in the current record to support the ALJ's implicit findings.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for referral for a medical consultation and further development of the record.

Dated this 19th day of March, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge